IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROCHELLE CAUSER,<br><br>    Plaintiff,<br><br>v.<br><br>OLEAN GENERAL HOSPITAL d/b/a BRADFORD REGIONAL MEDICAL CENTER,<br><br>    Defendant. | Case No. 1:23-CV-280<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

NOW COMES Plaintiff, Rochelle Causer, by and through her attorney, David M. Manes, Esq., of Manes & Narahari LLC, and files this Complaint alleging as follows:

**I. Nature of the Action**

1. Plaintiff brings this Complaint to recover damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.A. § 201, *et seq*, the Wage Payment and Collection Law ("WPCL"), 43 P.S. §260.1, *et seq*, Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq*, Plaintiff has not been paid for wages lawfully owed to her.

**II. Jurisdiction and Venue**

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.A. § 201, *et seq*, the Wage Payment and Collection Law ("WPCL"), 43 P.S. §260.1, *et seq*, Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq*, therefore this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania. The venue is proper pursuant to 28 U.S.C. § 1391(b).

### III. Parties

5. Plaintiff, Rochelle Causer ("Plaintiff"), is an adult individual with a primary residence located at 1036 JoJo Road, Kane, Pa 16735.

6. Defendant, Olean General Hospital d/b/a Bradford Regional Medical Center ("BRMC") is a Pennsylvania business corporation with a regular place of business located at 116 Interstate Parkway.

7. Defendant Allegheny Health Network Healthcare at Home ("Allegheny Health Network") is a Pennsylvania business corporation with a regular place of business located at 500 Commonwealth Drive, Floor 1, Warrendale, Pa 15086.

### IV. Facts

8. Plaintiff began working for Defendant BRMC in or around September 2021 as a Patient Access Coordinator.

9. During her interview with BRMC, Plaintiff was informed that she would be on-call for the weekends.

10. In or around January 2022, Causer began being on-call for the weekends.

11. Another employee of BRMC informed Plaintiff that there is a policy stating the hourly rate for being on-call is $4 per on-call hour.

12. Plaintiff looked into this policy and discovered it did exist and is in the "Call Pay Practices" section of the Policy and Procedure Manual.

13. This policy also states that time and a half of an employee's basic hourly rate will be paid for actual hours worked.

14. Upon this discovery, Plaintiff sent an email to Human Resources and Payroll.

15. Plaintiff was instructed to fill out a form and submit it.

16. After submitting the form, stating that she is owed for 1600 hours of on-call time, she was told that "patient access" isn't included as on-call for the Call Pay and Practices policy.

17. Plaintiff worked her normally scheduled hours such as 8 a.m. to 4 p.m. or 9 a.m. to 5 p.m.

18. In addition to her regular hours, Plaintiff worked 48 hours as on-call every other weekend, starting at midnight on Saturday and remaining on-call until midnight on Monday morning.

19. During some of these weekends, Plaintiff would have to go into work at the facility because a shift needed to be filled.

20. Being on-call meant that she couldn't make plans on these weekends as she might have to go into work at a moment's notice, which is a 45-minute drive for her.

21. If someone called off while Plaintiff was on call, she would have to find coverage for that shift. Plaintiff did not get paid for that time.

22. To date, Plaintiff has not been paid all wages owed to her.

23. To date, Plaintiff has worked approximately 41 weekends as on-call, for 48 hours.

24. 48 hours x 41 weekends is equal to 1,968 hours.

25. 1968 hours x $4 per hour is equals to a total of $7,872 in unpaid wages.

**COUNT I**
**Violation of the Fair Labor Standards Act ("FLSA")**

26. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

27. Pursuant to 29 U.S.C.A. § 203(d) an employer is defined as the following: "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

28. Defendant BRMC is an employer under the FLSA because it is a corporation acting directly or indirectly in the interest of an employer in relation to an employee.

29. Pursuant to 29 U.S.C.A § 203(e)(1) an employee "means any individual employed by an employer."

30. Plaintiff is an employee under the FLSA because she was continuously employed by BRMC.

31. Plaintiff regularly worked every other weekend for 48 hours from the beginning of January 2022 until her last day of July 28, 2023.

32. Plaintiff should have been paid $4 per hour for on-call hours, totaling $7,872.

33. Defendant BRMC has failed to pay Plaintiff for any on-call hours worked.

34. Defendant BRMC is in violation of the FLSA for failure to pay Plaintiff earned wages from the time period of or around January 2022 until July 28, 2023.

35. Defendant's refusal to pay Plaintiff's wages and overtime was willful, wanton, intentional, and purposeful.

36. Defendant's acts and omission constitute an illegal failure to pay wages and commissions in violation of the FLSA.

37. As a direct result of Defendant's unlawful actions and omissions, Plaintiff suffered damages.

38. Plaintiff is entitled to an additional equal number of unpaid wages as liquidated damages from Defendant Graham in this matter.

39. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under federal law to be free from discrimination.

## COUNT II
### Violation of the Wage Payment and Collection law ("WPCL")

40. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

41. The WPCL requires that all employers pay all wages due to employees on regular paydays designated in advance by the employer.

42. The WPCL defines "wages" as "all earnings of an employee, regardless of whether determined on time, task, piece, commission, or other method of calculation."

43. Defendant BRMC constitutes as an "employer" within the meaning of the WPCL.

44. Plaintiff was an "employee" of BMRC within the meaning of the WPCL to whom unpaid wages are due and owing.

45. The unpaid wages due by BRMC that are due and owing to Plaintiff have been outstanding since in or around January 2022 up until on or about July 28, 2023.

46. During all relevant time periods, Defendant did not compensate Plaintiff for on-call hours at a rate not less than $4, in violation of the WPCL.

47. Plaintiff had a contractual entitlement to be compensated fully for all hours worked.

48. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under federal law to be free from discrimination.

## COUNT III
### Violation of the Pennsylvania Minimum Wage Act ("PMWA")

49. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

50. Under the PMWA, an employer is any entity "employing any person in this Commonwealth." Pa.Stat.Ann.tit 43 § 260.2a.

51. At all relevant times, Defendant BRMC employed Plaintiff within the meaning of the PMWA.

52. Under federal and Pennsylvania law, employers must compensate employees for all hours worked at their regular rate, including on-call hours.

53. The PMWA requires that all employers pay all wages due to employees on regular paydays designated in advance by the employer.

54. Defendant BRMC has failed to pay Plaintiff for all on-call hours worked during the established periods of Plaintiff's employment.

55. As a result, Defendant has failed to compensate Plaintiff at the Pennsylvania-mandated minimum wage.

56. To date, Plaintiff has not received the adequate compensation that she is owed by Defendant BRMC.

57. Plaintiff has suffered monetary damages as a result of Defendant's violations of the PMWA.

58. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under the PMWA to be free from discrimination.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor, and against the Defendant, and award all damages available at law and equity, including:

a) Award Plaintiff all overtime wages due, as well as liquidated damages in the amount of 100% of the unpaid overtime wages;

b) Declare Defendant's conduct to be in violation of the FLSA, WPCL, and PMWA;

c) Compensatory damages, including emotional damages and humiliation;

d) Punitive damages to punish Defendant's conduct and to deter similar future conduct;

e) Costs for bringing this action;

f) Attorneys' fees;

g) Pre-judgment and continuing interest; and

h) Any other relief that this Court deems necessary and proper.

Respectfully Submitted,

/s/ David M. Manes
David M. Manes Esq.
PA ID: 314661
**Manes & Narahari LLC**
One Oxford Centre
301 Grant Street, Suite 270
Pittsburgh, PA 15219
(412) 626-5570 Direct
(412) 650-4845 Fax
dm@manesnarahari.com

## VERIFICATION

I, Rochelle Causer, swear under penalty of perjury under the laws of the United States of America that the facts alleged in the foregoing Complaint are true and correct to the best of my knowledge.

_____
Rochelle Causer