UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| **ROCHELLE CAUSER,** | |
| **Plaintiff,** | |
| vs. | **ANSWER** |
| **OLEAN GENERAL HOSPITAL d/b/a BRADFORD REGIONAL MEDICAL CENTER,** | Civil Action No. 1:23-cv-00280 |
| **Defendant.** | |

---

Defendant Olean General Hospital d/b/a Bradford Regional Medical Center ("Defendant"), by and through its attorneys, Bond, Schoeneck & King, PLLC, submit the following as and for its Answer to the Complaint of Rochelle Causer ("Plaintiff"):

1. Paragraph 1 is a description of the action to which no response is required. To the extent a response may be deemed required, Defendant admits that Plaintiff purports to bring this action under the identified statutes and otherwise denies Paragraph 1. Defendant denies any violation of the statutes identified in Paragraph 1. Defendant specifically denies that Plaintiff has not been paid for wages lawfully owed to her.

2. Paragraph 2 states a legal conclusion to which no response is required. To the extent a response may be deemed required, Defendant admits that this Court has subject matter jurisdiction over Plaintiff's purported claims under the Fair Labor Standards Act ("FLSA") and otherwise denies Paragraph 2.

3. Paragraph 3 states a legal conclusion to which no response is required. To the extent a response may be deemed required, Defendant admits that this Court may exercise

supplemental jurisdiction over Plaintiff's purported state law claims and otherwise denies Paragraph 3.

4. Paragraph 4 states a legal conclusion to which no response is required. To the extent a response may be deemed required, Defendant admits that venue is proper in the Western District of Pennsylvania and otherwise denies Paragraph 4. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of Plaintiff's residency and citizenship.

5. Defendant admits Plaintiff is an adult, but denies knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 5.

6. Defendant admits the allegations in Paragraph 6.

7. Defendant admits the allegations in Paragraph 7.

8. Defendant admits the allegations in Paragraph 8.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 9.

10. Defendant denies the allegations in Paragraph 10.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 11.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations related to what Plaintiff "discovered," but Defendant admits that it maintains a "Call Pay Practices" policy.

13. Defendant states that the Call Pay Practices policy speaks for itself as to the matters set forth therein, and otherwise denies the allegations in Paragraph 13.

14. Defendant admits that Plaintiff sent an email to Human Resources and Payroll, but Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 14.

15. Defendant admits Plaintiff would have been instructed to fill out and submit a form in order to receive on-call pay, provided she was entitled to it.

16. Defendant admits that Plaintiff was told that "patient access" is not included as on-call under the Call Pay Practices policy, but Defendant denies the remaining allegations in Paragraph 16.

17. Defendant admits that Plaintiff's normally scheduled hours were 8 a.m. to 4 p.m. or 9 a.m. to 5 p.m., but denies knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Plaintiff admits that Plaintiff sometimes would go into work at the facility on the weekend because a shift needed to be filled.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the length of Plaintiff's drive, and Defendant denies the remaining allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant admits that 48 times 41 equals 1,968, but Defendant denies the remaining allegations or implied allegations in Paragraph 24.

25. Defendant admits that 1986 times 4 equals a total of 7,872, but Defendant denies the remaining allegations in Paragraph 25.

26. Defendant repeats its responses to Paragraphs 1 through 25 above.

27. Paragraph 27 is an excerpt of a statute to which no response is required. To the extent a response may be deemed required, Defendant admits that Plaintiff purports to bring her claims under the FLSA, but denies that the FLSA was violated.

28. Defendant admits that it is an employer covered by the FLSA.

29. Paragraph 29 is an excerpt of a statute to which no response is required. To the extent a response may be deemed required, Defendant admits that Plaintiff purports to bring her claims under the FLSA, but denies that the FLSA was violated.

30. Defendant admits that, while employed by Defendant, Plaintiff was an "employee" of Defendant, but states that Plaintiff is not currently employed by Defendant.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38, specifically denies that Plaintiff entitled to any damages, and further denies that there is a "Defendant Graham" in this case.

39. Defendant denies the allegations in in Paragraph 39.

40. Defendant repeats its responses to Paragraphs 1 through 39 above.

41. Paragraph 41 is a description of a statute to which no response is required. To the extent that a response may be deemed required, Defendant admits that Plaintiff purports to bring her claims under the Wage Payment and Collection Law ("WPCL"), but denies that Defendant violated the WPCL.

42. Paragraph 42 is an excerpt of a statute to which no response is required. To the extent a response may be deemed required, Defendant admits that Plaintiff purports to bring her claims under the WPCL, but denies that Defendant violated the WPCL.

43. Defendant admits that it is an employer covered by the WPCL.

44. Defendant admits that, while employed by Defendant, Plaintiff was an "employee" of Defendant, but states that Plaintiff is not currently employed by Defendant, and denies the remaining allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant admits the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant repeats its responses to Paragraphs 1 through 48 above.

50. Paragraph 50 is an excerpt of a statute to which no response is required. To the extent a response may be deemed required, Defendant admits that Plaintiff purports to bring her claims under the Pennsylvania Minimum Wage Act ("PMWA"), but denies that Defendant violated the PMWA.

51. Defendant admits that it previously employed Plaintiff.

52. Defendant admits that employers are required to compensate their employees for all hours worked, but denies the remaining allegations in Paragraph 52.

53. Defendant admits the allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

56. Defendant denies the allegations in Paragraph 56.

57. Defendant denies the allegations in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies all remaining allegations not otherwise expressly admitted or denied herein. Defendant specifically denies that Plaintiff is entitled to any of the remedies set forth in the FLSA, WPCL, and PMWA, including, but not limited to, all overtime wages, liquidated damages, compensatory damages, punitive damages, costs, attorney's fees, and pre-judgment and continuing interest.

60. Defendant specifically denies that Plaintiff is entitled to any relief, including but not limited to, the relief requested in the final paragraph of the Complaint under the heading "Prayer for Relief" or in any of its lettered Paragraphs.

## DEFENSES

61. Without assuming the burden of proof of such defenses that it would otherwise not have, Defendant asserts the following:

## FIRST DEFENSE

62. The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

63. All or some of the Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**THIRD DEFENSE**

64.     Plaintiff is not entitled to any relief under the FLSA, WPCL, or PMWA because she was compensated for all time suffered or permitted to work.

**FOURTH DEFENSE**

65.     Plaintiff's claims under the FLSA, WPCL, and PMWA are barred to the extent that she worked without knowledge of Defendant.

**FIFTH DEFENSE**

66.     Defendant has not violated – willfully or otherwise – the FLSA, WPCL, or PMWA.

**SIXTH DEFENSE**

67.     Defendant acted in a good faith belief that it is and were complying with all applicable provisions of the FLSA, WPCL, and PMWA.

**SEVENTH DEFENSE**

68.     Defendant made complete and timely payment of all wages due.

**EIGHTH DEFENSE**

69.     Plaintiff's claims are barred, or the damages should be reduced, to the extent she was paid extra compensation or took/received additional value that is creditable towards or a setoff against, additional compensation sought in this action.

**NINTH DEFENSE**

70.     Plaintiff's claims are barred or diminished to the extent that Plaintiff failed to mitigate or minimize any damages, the existence of which is denied.

**TENTH DEFENSE**

71. The Complaint is barred, in whole or in part, because Plaintiff cannot demonstrate that she is entitled to recover liquidated damages or any penalties under state or federal law. Defendant has at all times compensated Plaintiff in good faith and with a reasonable ground and in conformity with regulations, rulings, approvals and interpretations issued by the United States Department of Labor and the Pennsylvania Department of Labor & Industry.

**ELEVENTH DEFENSE**

72. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, unclean hands, waiver, estoppel, and/or other equitable defenses.

**DEFENDANT RESERVES THE RIGHT TO ASSERT ADDITIONAL DEFENSES AS THEY MAY BECOME APPARENT DURING THE COURSE OF ANY SUBSEQUENT INVESTIGATION AND DISCOVERY.**

**WHEREFORE**, Defendant respectfully requests that the Court enter an Order dismissing the Complaint in its entirety and awarding such future relief as the Court deems just and proper.

DATED:   Buffalo, New York
         December 20, 2023

                                          **BOND SCHOENECK & KING PLLC**

                                          By: /s/Bradley A. Hoppe, Esq.
                                               Bradley A. Hoppe, Esq
                                               Bond, Schoeneck & King, PLLC
                                             *Attorneys for Defendant*
                                             Avant Building − Suite 900
                                             200 Delaware Avenue
                                             Buffalo, New York 14202-2107
                                             Tel. No.: (716) 416-7024
                                             Email: bhoppe@bsk.com

**TO:**   David M. Manes, Esq.   (*Via ECF*)
Manes & Narahari LLC
*Attorneys for Plaintiff*
301 Grant Street, Suite 270
Pittsburgh, PA 15219
Tel. No.: (412) 626-5570
Email: DM@manesnarahari.com