UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROCHELLE CAUSER,<br><br>    *Plaintiff*,<br><br>v.<br><br>OLEAN GENERAL HOSPITAL d/b/a BRADFORD REGIONAL MEDICAL CENTER,<br><br>    *Defendant*. | No.   1:23-cv-00280<br><br>District Judge Susan Paradise Baxter |

### Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES

    Defendant's counsel submits the following Fed. R. Civ. P. 26(f) Report after conferring and reaching agreement with Plaintiff's counsel with respect to the matters set forth below.

1. **Identification of counsel and unrepresented parties**.  Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

    Rochelle Causer (Plaintiff):

        David M. Manes, Esq.
        Manes & Narahari LLC
        One Oxford Centre
        301 Grant Street, Suite 270
        Pittsburgh, PA 15219
        Telephone: (412) 626-5570
        Email: dm@manesnarahari.com

    Olean General Hospital d/b/a Bradford Regional Medical Clinic (Defendant):

        Bradley A. Hoppe
        Bond, Schoeneck & King, PLLC
        Avant Building, Suite 900
        Buffalo, NY  14202
        Telephone: (716) 416-7024
        Email: bhoppe@bsk.com

2. **Set forth the general nature of the case** (patent, civil rights, anti-trust, class action,  etc.):

       <u>Violation of Federal and State Wage and Hour Laws</u>: Plaintiff alleges she has not been paid for wages lawfully owed to her and seeks to recover damages under the Fair Labor Standards Act, the Wage Payment and Collection Law, and the Pennsylvania Minimum Wage Act. Defendant denies any wrongdoing and contends Plaintiff was paid properly.

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

   Friday, January 12, 2024 at 10:00 a.m.
       <u>Attendance</u>:
       David M. Manes for Plaintiff
       Bradley A. Hoppe for Defendant

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court**: (Lead Trial Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served):

   Thursday, January 25, 2024 at 3:30 p.m.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

   The parties do not anticipate filing any motions pursuant to Fed. R. Civ. P. 12 and will advise the Court if that changes.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

   The parties discussed ADR and are in the process of scheduling mediation.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court**:

   None.

8. **Subjects on which fact discovery may be needed**. (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):

    The parties expect that fact discovery will be needed on Plaintiff's claims and damages, and Defendant's affirmative defenses.

9. **Set forth suggested dates for the following** (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery. In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below. The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed. If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date. Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

    a. **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:** January 26, 2024.

    b. **Date by which any additional parties shall be joined:** March 20, 2024.

    c. **Date by which the pleadings shall be amended:** March 20, 2024.

    d. **Date by which fact discovery should be completed:** December 20, 2024.

    e. **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:** N/A

    f. **Date by which plaintiff's expert reports should be filed:** To be determined at Post-Fact Discovery Conference.

    g. **Date by which depositions of plaintiff's expert(s) should be completed:** To be determined at Post-Fact Discovery Conference.

    h. **Date by which defendant's expert reports should be filed:** To be determined at Post-Fact Discovery Conference.

    i. **Date by which depositions of defendant's expert(s) should be completed:** To

       be determined at Post-Fact Discovery Conference.

    **j.**    **Date by which third party expert's reports should be filed:** To be determined at Post-Fact Discovery Conference.

    **k.**    **Date by which depositions of third party's expert(s) should be completed:** To be determined at Post-Fact Discovery Conference.

10.    If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:

None, except the parties agree to electronic service of discovery.

11.    Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):

    **a.**    **ESI.** Is either party seeking the discovery of ESI in this case?
        X   Yes       ☐  No [If "No," skip to sub-part (e) below.]

    **b.**    **ESI Discovery Plan.** The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules and:

        The parties have agreed that, in light of the facts and issues in this case, will conduct ESI discovery by:

        Production Format: The parties have agreed to production of ESI in PDF format (unless native files are specifically requested). However, the parties recognize that some metadata may be relevant, so the parties have agreed that each party reserves its right later to request native or near native files containing relevant, non-privileged metadata for specific documents, even if the balance of the document or data has already been produced. In such case, the parties agree to waive any application of the provision of Fed. R. Civ. P. 34(b)(2)(E)(iii).

        Accessibility: The parties agree that electronic documents kept in the ordinary course of business, including emails, electronic word processing documents, instant messages, spreadsheets, payroll and timekeeping records, are "reasonably accessible". ESI is also "reasonably accessible" if the custodian of the information can readily access and use the ESI (i.e., click and open it or download it) on his or her computer or device, or if it can be readily accessed by Defendant's IT staff from a company device, server or similar centralized data repository.

      c.    **Preservation.** Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?
X   Yes (see 11.b, above)    ☐    No

            The parties discussed their respective obligations to preserve documents.

      d.    **ADR.** Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?
☐   Yes    X   No

      e.    **Clawback Agreement**. The parties have reviewed F.R.C.P. 26(b)(5), F.R.E. 502 and [LCvR 16.1.D](LCvR 16.1.D), Procedures Following Inadvertent Disclosure, and:

            On December 22, 2023, the Court entered an order implementing Federal Rule of Evidence 502(d) pursuant to Local Rule 16.1.D.

      f.    **EDSM and E-Mediator.** Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case? For further information, see the Court's official website at http://www.pawd.uscourts.gov.
☐   Yes    X   No

      g.    **Other**. Identify all outstanding disputes concerning any ESI issues:

            None.

12.    The parties have elected to schedule the Post-Discovery Status Conference following the completion of fact discovery to discuss and/or schedule the following:

      a.    **Settlement and/or transfer to an ADR procedure;**

      b.    **Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;**

      c.    **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**

      d.    **Dates by which parties' pre-trial statements should be filed;**

      e.    **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;**

      f.    **Dates on which motions *in limine* and *Daubert* motions shall be heard;**

      g.      **Dates proposed for final pre-trial conference;**

      h.      **Presumptive and final trial dates.**

13.    Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):

None.

14.    Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:

None.

15.    If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:

None.

16.    Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:

The parties are in the beginning stages of settlement discussions.

                              Respectfully submitted,

                              BOND, SCHOENECK & KING, PLLC

                        By:    /s/ Bradley A. Hoppe, Esq.
                               Bradley A. Hoppe, Esq.
                               Bond, Schoeneck & King, PLLC
                               Avant Building, Suite 900
                               Buffalo, NY 14202
                               Telephone: (716) 416-7024
                               Email: bhoppe@bsk.com

                               *Attorneys for Defendant*