IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


ROCHELLE CAUSER,        )
       Plaintiff,     )
           )
vs.           )
           )      1:22-cv-00280-SPB
           )
OLEAN GENERAL HOSPITAL,  )
       Defendant.    )
           )
           )


## INITIAL SCHEDULING ORDER

AND NOW, this 25th day of January 2024, IT IS HEREBY ORDERED that this action is placed under Local Rule 16.1 for pretrial proceedings and all provisions of the Rule will be strictly enforced.

IT IS FURTHER ORDERED that counsel shall confer with their clients prior to all case management, status or pretrial conferences to obtain authority to participate in settlement negotiations to be conducted by the Court. Counsel are encouraged to instruct the principals to be available by telephone to facilitate the amicable resolution of all litigation.

IT IS FURTHER ORDERED that compliance with provisions of Rule 16 shall be completed as follows:

1. Initial disclosures pursuant to Fed. R. Civ. P. 26(a) shall be made by **January 26, 2024.**

2. The parties' Stipulation Selecting ADR Process shall be filed by **February 16, 2024.**

3. Joinder of additional parties will be completed by **March 20, 2024.**

4. Any amendments to the pleadings will be filed by **March 20, 2024.**

5. The parties shall complete fact discovery by **July 23, 2024**. All interrogatories,

depositions and requests for admissions and/or production of documents shall be served

within sufficient time to allow responses to be completed prior to the close of discovery.

6.  A Telephonic Post-Discovery Status Conference is scheduled for **July 26, 2024 at 2:00**

**PM.** Parties are directed to contact the Court using the instructions filed at ECF No. [12]

at the time of the scheduled conference.

7.  Procedures Following Inadvertent Disclosure ("Clawback"): Pursuant to Local Rule

LCvR 16.1(D), and to aid in the implementation of Fed. R. Evid. 502, the following is

ordered:

> a) If a party (the "Producing Party") discloses information in connection
>
> with the pending litigation that the Producing Party thereafter claims to be
>
> protected by the attorney-client privilege and/or trial preparation material
>
> protection ("Protected Information"), the disclosure of that Protected
>
> Information will not constitute or be deemed a waiver or forfeiture, in this
>
> or any other federal, state, arbitration, or any other proceeding, of any
>
> claim of privilege or protection as trial preparation material that the
>
> Producing Party would otherwise be entitled to assert with respect to the
>
> Protected Information and its subject matter.
>
> b) The producing party must promptly notify the party receiving the
>
> Protected Information (the "Receiving Party"), in writing that it has
>
> disclosed the Protected Information without intending a waiver by the
>
> disclosure. The notification by the Producing Party shall include as
>
> specific an explanation as possible why the Protected Information is
>
> covered by the attorney- client privilege and/or constitutes trial

preparation material upon such notification, the Receiving Party must, unless it contests the claim of attorney-privilege or protection as trial preparation material, promptly notify the Producing party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has and provide a certification that it will cease further review, dissemination and use of the Protected Information.

c) If the Receiving Party contests the claim of attorney-client privilege or protection as trial preparation material, the Receiving Party must, within 30 days of receipt of the notification referenced above, move the Court for an Order finding that the material referenced in the notification does not constitute Protected Information. This Motion must be filed (with Court approval) under seal and cannot assert the fact or circumstances of the disclosure as a ground for determining that the material does not constitute Protected Information. Pending resolution of the Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than as required by law to be served with a copy of the sealed Motion.

d) The parties may stipulate to extend the time periods set forth above. The Disclosing Party retains the burden of establishing the privileged or protected nature of the Protected Information. This Order does not preclude a party from voluntarily waving the attorney-client privilege or

trial preparation material protection. The provisions of Federal Rule of

Evidence 502(a) apply when the Disclosing Party uses or indicates that it

may use information produced under this Order to support a claim or

defense.

e) Rule 502(b)(2). The failure to take reasonable steps to prevent the

disclosure shall not give rise to a waiver of the privilege.

IT IS FURTHER ORDERED that the parties shall follow this Court's Order on Motions

Practice in connection with all pretrial motions.  The Court is to be contacted via telephone for

any discovery disputes. The pendency of motions, including dispositive motions, will not stay

the time periods set forth in, nor affect any other compliance requirements of, the Scheduling

Orders.

BY THE COURT:

*s/Susan Paradise Baxter*
Susan Paradise Baxter
U.S. District Judge